UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO, | Case No. 1:20-cv-00925-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS SUCCESSIVE |
| v. | OBJECTIONS DUE IN THIRTY DAYS |
| PEOPLE OF THE STATE OF CALIFORNIA, | ECF No. 1 |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO THIS CASE |

Petitioner Ramon Navarro Lupercio, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

Petitioner challenges his 2003 conviction for attempted murder with the use of a firearm, claiming that: (1) his counsel was ineffective; (2) the trial court erred in denying his motion to

continue his trial; (3) there was insufficient evidence to support his conviction, and (4) evidence was presented outside the presence of his counsel. ECF No. 1 at 3-4. Petitioner argues that newly discovered evidence supports some of his claims. *Id*. Because the petition is successive and petitioner has failed to obtain leave from the Ninth Circuit Court of Appeals to file such a petition, the petition should be dismissed.

**Discussion**

A second or successive petition that raises the same grounds as a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Dismissal is also required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

Petitioner has previously sought habeas relief from his 2003 conviction from this court four times. Petitioner claimed ineffective assistance of counsel in his first petition, which was dismissed as untimely. *See Lupercio v. Gonzalez*, No. 1:08-cv-00012-LJO-JLT (HC) (E.D. Cal. Jan. 22, 2009); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (explaining that the dismissal of a habeas petition for failure to comply with AEDPA's statute of limitations renders subsequent petitions challenging the same conviction successive). He did not obtain leave from the Ninth Circuit to file his next three petitions, and all were dismissed as second or successive. *See Lupercio v. Sherman*, No. 1:15-cv-00915-DAD-MJS (E.D. Cal. Jan. 26, 2016) (dismissing the petition as second; petitioner claimed that the government destroyed evidence and that his

counsel was ineffecitve); *Lupercio v. Sherman*, No. 1:15-cv-01834-DAD-MJS (E.D. Cal. Mar. 29, 2016) (dismissing the petition as successive; petitioner claimed ineffective assistance of counsel); *Lupercio v. Sherman*, No. 1:16-cv-00233-DAD-MJS (E.D. Cal. May 4, 2016) (dismissing the petition as successive; petitioner filed a photocopy of his petition in 1:15-cv-01834-DAD-MJS). Petitioner, in this fifth and instant petition, again challenges his 2003 conviction. He makes no showing that he has obtained prior leave from the Ninth Circuit to file the petition.[1] Without leave from the Ninth Circuit, this court is without jurisdiction to consider the petition. Therefore, the petition should be dismissed. *Id*. at 153.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability. These findings and recommendations are

---

[1] Even if petitioner were to seek leave from the Ninth Circuit, his application would likely be denied. Petitioner has not shown that his petition, which raises new claims, falls into one of the exceptions of § 2244(b)(2)(A)-(B). Although petitioner claims he has discovered new evidence, he has failed to show that this evidence was not previously discoverable through due diligence.

submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated: ___July 9, 2020___                     _____
                                              UNITED STATES MAGISTRATE JUDGE

No. 206.