UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No.  1:20-cv-00925-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>(Doc. No. 6, 8) |

Petitioner Ramon Navarro Lupercio, a state prisoner proceeding without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Therein he alleges that he received ineffective assistance from his counsel; the trial court erred in denying his motion to continue his trial; there was insufficient evidence presented at his trial to support his conviction; he has discovered new, exculpatory evidence; and perhaps that evidence was presented to the jury outside the presence of his attorney.[1] (*Id.*)  This action was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] This is how the assigned magistrate judge characterized petitioner's final claim. (Doc. No. 6 at 2.) In reviewing the pending petition at the cited pages, the undersigned has not found such a claim, though petitioner's allegations are difficult to decipher. In any event, the precise nature of petitioner's claims is irrelevant to the issues addressed in this order.

1

On July 9, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition be dismissed as an unauthorized second or successive petition. (Doc. No. 6.) Specifically, the findings and recommendations note that this is petitioner's fifth petition seeking federal habeas relief with respect to this same state court conviction. (*Id*.) For a second or successive petition, petitioner was required to obtain leave of the Ninth Circuit before proceeding. (*Id*. (citing 28 U.S.C. § 2244(b)(3)).) The findings and recommendations also note that petitioner's first habeas petition, filed in 2008, was dismissed as untimely; however, the filing of an untimely petition barred by the applicable statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") does render subsequently filed federal habeas petitions second or successive under AEDPA. (*Id*. (citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009)).) Petitioner has not sought authorization from the Ninth Circuit for any of his subsequently filed petitions including the one now pending before the court. (*Id*.)

The findings and recommendations were served on petitioner and contained notice that objections thereto were due within 30 days of service. (*Id.*) Petitioner did not file any objections to the pending findings and recommendations and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only

issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on July 9, 2020 (Doc. No. 6) are adopted;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. Petitioner's outstanding motion for discovery (Doc. No. 8) is denied as moot;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **September 2, 2020**                    _Dale A. Drozd_
                                                  UNITED STATES DISTRICT JUDGE